**LYNN PINKER HURST SCHWEGMANN**

CHRIS SCHWEGMANN
*Partner*

D 214 981 3835
F 214 981 3839
cjs@lynnllp.com

Lynn Pinker Hurst & Schwegmann, LLP
2100 Ross Avenue
Suite 2700
Dallas, Texas 75201
lynnllp.com

October 3, 2023

**Via ECF and Certified Mail**
Honorable Judge Paul A. Crotty
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Chambers 1350
New York, New York 10007

Re:   1:23-cv-02221 (PAC); *DIRECTV, LLC v. Nexstar Media Group, Inc. et al.*

Dear Judge Crotty:

We represent Defendant Nexstar Media Group, Inc. ("Nexstar").

As you are aware, Defendants' Joint Motion to Dismiss [Doc. 51] and the accompanying Memorandum in support of the same [Doc. 53] are currently before the Court. As detailed in Defendants' Memorandum, one reason (of numerous) Plaintiff DIRECTV lacks standing to pursue its antitrust claims is because DIRECTV does not "allege that it paid supracompetitive prices" associated with retransmission consent agreements ("RCAs"). *See* Defs.' Mem. at 6. Indeed, at the time it filed its Complaint, DIRECTV was still under a prior RCA with Nexstar and had not entered a new RCA with either Defendants Mission Broadcasting, Inc. or White Knight Broadcasting Inc. *See id.*

On September 16, 2023, it was publicly announced that DIRECTV and Nexstar entered an RCA renewal covering 176 of Nexstar's local stations and NewsNation. Although DIRECTV has *now* entered into an RCA renewal with Nexstar, Nexstar's standing arguments remain unchanged.[1] It is axiomatic that, "to determine whether a plaintiff has standing to sue, the court 'must look to

---

[1] To the best of Nexstar's knowledge, DIRECTV has **not** entered into an RCA with either Defendant Mission Broadcasting, Inc. or Defendant White Knight Broadcasting, Inc. as of the date of this letter.

the facts and circumstances *as they existed at the time [the] suit was initiated*.'" *Sharehold Representative Servs. LLC v. Sandoz Inc.,* 2013 WL 4015901, at *6 (S.D.N.Y. Aug. 7, 2013) (quoting *Etuk v. Slattery*, 936 F.3d 1433, 1440–41 (2d Cir.1991)) (emphasis added). Events occurring after the filing of the complaint cannot operate to create standing where none previously existed. *Id.* (citing *City of Hartford v. Towns of Glastonbury*, 561 F.2d 1042, 1051 n.3 (2d Cir.1977) (en banc)). Accordingly, it is of no legal moment that DIRECTV entered into an RCA renewal with Nexstar *after* filing its Complaint—DIRECTV still lacks standing based on the facts and circumstances that existed as of March 15, 2023. *See id.; see also KPH Healthcare Services, Inc. v. Mylan N.V.,* No. 20-2065-DDC-TJJ, 2021 WL 3144711, at *11 (D. Kan. July 26, 2021) (dismissing antitrust claims for lack of standing despite post-filing addendum that allegedly cured defect). And in any event, the subsequent RCA renewal between Nexstar and DIRECTV has no bearing on the additional grounds for dismissal raised in Defendants' Memorandum, both for lack of standing and failure to state a claim.

For those reasons, and the reasons stated in the Memorandum, Nexstar respectfully asks the Court to dismiss DIRECTV's Complaint.

                                              Respectfully submitted,

                                              Christopher J. Schwegmann

                                              **COUNSEL FOR DEFENDANT**
                                              **NEXSTAR MEDIA GROUP, INC.**

cc:    All Counsel of Record     *via ECF*
4870-9940-4932, v. 1