**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| DIRECTV, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEXSTAR MEDIA GROUP, INC.;<br>MISSION BROADCASTING, INC.; and WHITE<br>KNIGHT BROADCASTING, INC.,<br><br>　　　　　Defendants. | Civil Action. 1:23-CV-02221-PKC |

## ~~[PROPOSED]~~ CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Discovery requests and subpoenas served in the Action may call for the production or disclosure of trade secret or other confidential research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c), and other private or competitively or otherwise sensitive information for which special safeguarding and protection from public disclosure and from use for any purpose other than prosecuting or defending this Action is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c).

### I.　　Definitions

1.1　　"Action" means the above-captioned action, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

1.2　　"Party" means any party to the Action, including any of its agents, officers, directors, employees, and attorneys. "Parties" means collectively Plaintiff and Defendants in this Action.

1

1.3     "Non-Party" means any natural person or entity that is not a named party to the Action.

1.4     "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, letters, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action.

1.5     "Confidential Material" means any Discovery Material which the Producing Party or a Designating Party designates as "Confidential." A Producing Party or Designating Party may designate Discovery Material as "Confidential" if it reasonably and in good faith believes the Discovery Material constitutes or reveals:

(a)     non-public, confidential, proprietary or commercial information not readily ascertainable through lawful means by the public or the Receiving Party;

(b)     information that is commercially sensitive, including, without limitation, confidential research or business development information;

(c)     personal health information, personally identifiable information, as well as any information that would be harmful to an individual should the information be made public; or

(d)     information kept confidential pursuant to law or regulation.

1.6     "Highly Confidential Material" means any Discovery Material which has been designated as "Highly Confidential" by the Producing Party or a Designating Party. A Producing Party or Designating Party may designate Confidential Material as Highly Confidential if the Discovery Material contains competitive or highly sensitive information and the Producing Party

or Designating Party reasonably and in good faith believes the Discovery Material is Confidential Material as set forth under Paragraph 1.5 above, such as, *inter alia*:

(a)　　trade secrets or other information that the party reasonably believes the unauthorized disclosure of which would create a substantial risk of competitive, commercial or financial harm to the Producing Party or its personnel, clients, or customers;

(b)　　sensitive financial or strategic commercial information; or

(c)　　material or information in possession of a Party or person concerning which said Party or person has an independent obligation of confidentiality to a non-party or person.

1.7　　"Outside Counsel Eyes Only Materials" means any Discovery Material that the Producing Party or Designating Party designates as "Outside Counsel Eyes Only." A Producing Party or Designating Party may designate Discovery Material as "Outside Counsel Eyes Only" if it contains highly competitive or highly sensitive information and the Producing Party or Designating Party reasonably and in good faith believes the Discovery Material:

(a)　　Is "Confidential Material" as set forth under Paragraph 1.5 above and "Highly Confidential" as set forth under Paragraph 1.6 above; and

(b)　　contains information, the disclosure of which is likely to have (i) an effect on negotiations related to retransmission consent agreements, or (ii) a significant effect on current or future business strategies, business decisions, or pricing.
The Parties intend that the Outside Counsel Eyes Only designation will be used only under these limited circumstances.

1.8　　"Producing Party" means any Party or Non-Party that produces Discovery Material in this Action.

3

1.9    "Receiving Party" means any Party or Non-Party that receives Discovery Material from a Producing Party.

1.10    "Designating Party" means any Party or Non-Party that designates Discovery Material as Confidential or Highly Confidential.

1.11    "Protected Material" means any Discovery Material that is designated as Confidential or Highly Confidential or Outside Counsel Eyes Only.

1.12    "Outside Counsel" means attorneys, along with their paralegals and other support personnel assisting them with this Action (including temporary or contract staff), who are not employees of a Party but who have been retained to represent or advise a Party in connection with this Action.

1.13    "In-House Counsel" means attorneys and other personnel employed by a Party to perform or support legal functions, to whom disclosure of Discovery Material is reasonably necessary in connection with this Action.

1.14    "Counsel" (without qualifier) means Outside Counsel and In-House Counsel (as well as their support staffs).

1.15    "Principal" means an owner, officer, or executive of any Party whose identity as an owner, officer, or executive has been disclosed to all other Parties.

1.16    "Expert" and/or "Consultant" means a person with specialized knowledge or experience in a matter pertinent to this Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and who is not currently an employee, consultant, or agent of a Party in the ordinary course of business, and who, at the time of retention, is not anticipated to become an

4

employee, consultant, or agent of a Party in the ordinary course of business. This definition includes a professional jury or trial consultant retained in connection with this Action.

1.17    "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

## II.    Scope

2.1    The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material. However, the protections conferred by this Order do not cover the following information: any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise. Discovery Material may be used by the Receiving Party solely for purposes of the prosecution or defense, including any settlement thereof, of this Action, and for no other purpose whatsoever, including without limitation any other litigation or commercial purpose.

## III.    Designating Protected Material

3.1    <u>Designating Documentary Discovery Material:</u> Each Party and any Non-Party may designate any Discovery Material as confidential and subject to this Order, by marking such Material as either "Confidential," "Highly Confidential," or "Outside Counsel Eyes Only" under the procedures and standards set forth in this Order, and such Discovery Material shall be treated in accordance with the provisions of this Order. It shall be the duty of the Party or Non-Party who

seeks to invoke protection under this Order to give notice, as set forth below, of the Discovery Material designated as "Confidential," "Highly Confidential," or "Outside Counsel Eyes Only." The duty of the Parties and of all other persons bound by this Order to maintain the confidentiality of the Discovery Material so designated shall commence with such notice.

3.2    Manner and Timing of Designations: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)    For information in non-native documentary form (including imaged documents and transcripts of depositions taken in other proceedings), that the Producing Party affix the legend "Confidential," "Highly Confidential," or "Outside Counsel Eyes Only" to each page of the document and include the applicable designation in the metadata produced for such document. The legend shall be affixed in such a manner as not to obliterate or obscure any written part of the Discovery Material.

(b)    For deposition transcripts and/or exhibits in this Action, that the Designating Party designate any portion of the testimony as "Confidential," "Highly Confidential," or "Outside Counsel Eyes Only" in writing on or before the later of (i) forty-five (45) calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under Fed. R. Civ. P. 30(e). Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be Protected Material under the provisions of this Order. Alternatively, a Designating Party may specify at the deposition or up to forty-five (45) days after the receipt of the final transcript that the entire transcript shall be treated as Confidential, Highly Confidential, or Outside Counsel Eyes

6

Only. The entire testimony shall be deemed to have been designated Outside Counsel Eyes Only until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential, Highly Confidential, or Outside Counsel Eyes Only except as ordered by the Court or as provided in Paragraph 3.3 (Failures to Designate). If all or a part of a videotaped deposition is designated as Confidential, Highly Confidential, or Outside Counsel Eyes Only, the media, plus any container, shall be so labeled.

(c)    For information produced in electronic, audio, or video format, and for any other tangible items, that the Producing Party affix the legend "Confidential," "Highly Confidential," or "Outside Counsel Eyes Only" in a prominent place on the item itself or exterior of the container or containers in which the information or item is stored, in any metadata accompanying the production, and/or in the electronic file name, in any suitable and readily viewable manner. The legend shall be affixed in such a manner as not to obliterate or obscure any written part of the Discovery Material. Whenever a Receiving Party to whom electronically stored Discovery Material so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall mark the hard copy by affixing the designation "Confidential," "Highly Confidential," or "Outside Counsel Eyes Only" to each page of such document. The designation shall be affixed in such a manner as not to obliterate or obscure any written part of the Discovery Material.

(d)    For documents produced in native format, that the Producing Party include the confidentiality designation "Confidential," "Highly Confidential," or "Outside Counsel Eyes Only" in the metadata produced for such documents and on the placeholder page.

7

(e)     For interrogatory answers and responses to requests to admit, and the information contained therein, that the Producing Party affix the legend "Confidential," "Highly Confidential," or "Outside Counsel Eyes Only" in a prominent place on each page of such document prior to production. The legend shall be affixed in such a manner as not to obliterate or obscure any written part of the Discovery Material.

(f)     For reports created by an expert or consultant relying on or incorporating Protected Material in whole or in part, that the Party responsible for its creation include the confidentiality designation "Confidential," "Highly Confidential," or "Outside Counsel Eyes Only" on the report. The designation shall be affixed in such a manner as not to obliterate or obscure any written part of the Discovery Material.

(g)     For all other Discovery Material, by placing or affixing on each page of such material, a "Confidential," "Highly Confidential," or "Outside Counsel Eyes Only" designation. The designation shall be affixed in such a manner as not to obliterate or obscure any written part of the Discovery Material.

3.3     <u>Failures to Designate</u>: A failure to designate Protected Material, whether inadvertent or otherwise, does not waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  If a Producing Party discovers that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may promptly notify all Receiving Parties, in writing, of the error and identify (by production number) the affected material and its new designation or re-designation. Thereafter, the material so designated or re-designated shall be treated as Protected Material in conformity with the new designation or re-designation. Promptly

8

after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. Each Receiving Party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material. To the extent such information may have been disclosed to anyone not authorized to receive Confidential, Highly Confidential, or Outside Counsel Eyes Only Discovery Material under the terms of this Order, the Receiving Party shall make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure. If material is re-designated Confidential, Highly Confidential, or Outside Counsel Eyes Only after the material was initially produced, each Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

3.4     Different Designations of Same Material: In the event that more than one Designating Party designates the same Protected Material with different levels of treatment or confidentiality, all copies of the Protected Material shall be treated as having the highest level of confidentiality designated by any Designating Party.

3.5     Upward Designation of Information or Items Produced by Other Parties or Non-Parties: Subject to the standards of Paragraph 3.2 and notwithstanding Paragraph 3.4, a Party may upward designate (i.e., change any Discovery Material produced without a designation of Confidential, Highly Confidential, or Outside Counsel Eyes Only, or change any Discovery Material produced as Confidential to a designation of Highly Confidential or Outside Counsel Eyes Only, or change any Discovery Material produced as Highly Confidential to Outside Counsel Eyes Only) any Discovery Material produced by another Party or Non-Party, provided that said Discovery Material contains the upward Designating Party's own Outside Counsel Eyes Only,

9

Highly Confidential Material, or Confidential Material, or otherwise is entitled to protective treatment under Federal Rule of Civil Procedure 26(c) or other law, such that the upward designation is appropriate under the terms of this Order. Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated within sixty (60) days of production by the disclosing Party. Failure to upward designate within sixty (60) days of production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Discovery Material or from moving the Court for such relief. Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in Section 4 regarding challenging designations.

## IV.    Challenging Confidentiality Designations

4.1    <u>Meet and Confer</u>: If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practical, including for example, by production number, and by providing a basis for the challenge. The objecting Party and the Designating Party shall within ten (10) days after service of the written objections, meet and confer concerning the objection, during which the objecting Party must explain verbally the basis for its assertion that the confidentiality designation is improper.  The Designating Party shall have a reasonable opportunity to review the designated material and, if no change in designation is offered, explain the basis for the chosen designation.

4.2    <u>Judicial Intervention</u>: If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Paragraph 4.1, above, the Party challenging the designation may seek relief within twenty-one (21) days of the initial notice of challenge, or within fourteen (14) days of the parties agreeing that the meet and confer

process will not resolve their dispute, whichever is shorter, from the Court in accordance with its rules and procedures. Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. In the event the Court rules that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within ten (10) days of the ruling. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging party to sanctions.

## V.    Access To and Use of Discovery Material

5.1    <u>Disclosure of Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Confidential Material may be disclosed by a Receiving Party only to the following persons and only made to the extent reasonably necessary to prosecute or defend this Action:

(a)    the Receiving Party's Counsel to whom it is reasonably necessary to disclose the information in connection with this Action;

(b)    in addition to In-House Counsel, and to the extent that such disclosure is reasonably necessary for the Action, current officers, directors, or employees of each Receiving Party;

(c)    Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed the "Agreement To Be Bound By Protective Order" ("Exhibit A" ), provided that Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately

11

by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this Action;

(d)    the Court and its personnel in this Action;

(e)    special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed Exhibit A;

(f)    court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

(g)    professional jury or trial consultants including mock jurors who have signed a confidentiality agreement and who have signed Exhibit A;

(h)    the author, addressees, or recipients of the document, or any other natural person who Counsel has a good faith reasonable belief had reviewed or had access to such document or the information contained therein during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata, provided, however, that (i) the witness is not permitted to retain copies of the Protected Material after the witness is examined regarding the Protected Material; and (ii) the witness is explicitly informed by the disclosing Party's Outside Counsel that this Order forbids him or her to disclose the Protected Material except as permitted under this Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

(i)     relevant employees of any insurer to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Action and who have signed Exhibit A;

(j)     any other person agreed to by the Designating Party in writing; and

(k)     any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 11 below.

5.2     <u>Disclosure of Highly Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Highly Confidential" may be disclosed by a Receiving Party only to the following persons and only made to the extent reasonably necessary to prosecute or defend this Action:

(a)     the Receiving Party's Counsel to whom it is reasonably necessary to disclose the information in connection with this Action;

(b)     Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed Exhibit A, provided that Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this Action;

(c)     the Court and its personnel in this Action;

(d)     special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes

13

and their necessary personnel and, in the case of persons retained by the Parties, who have signed Exhibit A;

(e)    court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

(f)    professional jury or trial consultants including mock jurors who have signed a confidentiality agreement and who have signed Exhibit A;

(g)    the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata, provided, however, that (i) the witness is not permitted to retain the Protected Material after the witness is examined regarding the Protected Material; and (ii) the witness is explicitly informed by the disclosing Party's Outside Counsel that this Order forbids him or her to disclose the Protected Material except as permitted under this Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

(h)    relevant employees of any insurer to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Action and who have signed Exhibit A;

(i)    any other person agreed to by the Designating Party in writing; and

(j)    any other person to whom the Court compels disclosure of the Highly Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 11 below.

5.3    Disclosure of Outside Counsel Eyes Only Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Outside Counsel

14

Eyes Only" may be disclosed by a Receiving Party only to the following persons and only made to the extent reasonably necessary to prosecute or defend this Action:

      (a)      the Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information in connection with this Action;

      (b)      Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed Exhibit A, provided that Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this Action;

      (c)      the Court and its personnel in this Action;

      (d)      special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed Exhibit A;

      (e)      court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

      (f)      professional jury or trial consultants including mock jurors who have signed a confidentiality agreement and who have signed Exhibit A;

      (g)      the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the

document or its accompanying metadata, provided, however, that (i) the witness is not permitted to retain the Protected Material after the witness is examined regarding the Protected Material; and (ii) the witness is explicitly informed by the disclosing Party's Outside Counsel that this Order forbids him or her to disclose the Protected Material except as permitted under this Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

(h)    relevant employees of any insurer to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Action and who have signed Exhibit A;

(i)    any other person agreed to by the Designating Party in writing; and

(j)    any other person to whom the Court compels disclosure of the Outside Counsel Eyes Only Material or to whom disclosure is required by law, subject to the requirements of Section 11 below.

5.4    Standard of Care: The Receiving Party shall maintain any Protected Material that is provided under this Order in a secure and safe manner that ensures that access is limited to the persons authorized under this Order. The Receiving Party shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient under all applicable laws to safeguard against unauthorized or inadvertent disclosure of such material, including the use of eDiscovery vendors or claims administrators capable of complying with such laws to store such documents. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based.

5.5    Loss of Protected Material or Breach of Security: If a Receiving Party or authorized recipient discovers any loss of Protected Material or a breach of security, including any actual or

suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or authorized recipient shall: (i) promptly provide written notice to the Producing Party of such breach; (ii) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach; and (iii) take all appropriate corrective actions to terminate the unauthorized access.

5.6     Use of Generative Artificial Intelligence ("AI"):  The Parties agree that Protected Material shall not be submitted to any open Generative AI tool (e.g., ChatGPT) or substantially similar tool that is available to the public.  Submitting Protected Material to such an open tool is considered disclosure to a third party subject to the terms of this Order. Before submitting any Protected Material to a closed, enterprise Generative AI tool, the Receiving Party shall ensure that it (or its eDiscovery vendor) can delete all Protected Material from the Generative AI tool at the conclusion of this Action, including any information derived from such Protected Material; and that the Protected Material will not be otherwise made accessible to other users of the LLM or AI platform not authorized to receive Protected Material under this Order. The Receiving Party will be responsible for destroying such Protected Material from such tools at the end of the Action.

5.7     Compliance With and Retention of Exhibit A: Counsel for the Party that obtains the signed "Agreement to Be Bound by Protective Order" (Exhibit A) from any person, as required above in any Section, shall be responsible for explaining to such person the terms of this Order prior to disclosing to such person any Protected Material. Such Counsel shall retain them for six (6) months following the final termination of this Action, including any appeals, and shall make them available to other Parties or the Court upon good cause shown.

5.8     Retention of Protected Material: Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, persons described in Paragraph 5.1 (h), (j), and (k) who have

17

been shown Confidential Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Confidential Material was disclosed. Persons described in Paragraphs 5.2 and 5.3 (g),(i), and (j) who have been shown Highly Confidential Material or Outside Counsel Eyes Only Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Highly Confidential Material or Outside Counsel Eyes Only Material was disclosed.

## VI.  Unauthorized Disclosure

6.1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, immediately:

(a)    notify in writing the Designating Party of the unauthorized disclosures;

(b)    make commercially reasonable efforts to retrieve all copies of the Protected Material;

(c)    inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d)    request such person or persons to execute Exhibit A.

## VII.  Filing Protected Material

7.1    All persons seeking to file redacted documents or documents under seal with the Court shall comply with this Court's Individual Practices in Civil Cases. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and

any other controlling authority. Unless otherwise ordered, a Party seeking to file an opposing Party's Confidential Information shall so advise the opposing Party fourteen (14) days in advance specifying the precise portion of the information the Party seeks to use, the general purpose thereof and any redactions to which the Party does not object. Within seven (7) days thereafter, the Party whose Confidential Information is sought to be used may make an application to seal in accordance with this Paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

## VIII.    Use of Protected Material at Trial

8.1    The use of Protected Material at trial or any evidentiary hearing will be governed by a separate agreement to be entered in advance of the hearing or trial.  The undersigned agree to meet and confer concerning the terms of such order. The use of Protected Material at trial shall not cause such Protected Material to lose its status as Protected Material.

## IX.    A Designating or Producing Party's Use of Its Own or Independently Owned Documents

9.1    Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party, nor shall it affect any Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Confidential Material or Highly Confidential Material.

## X.    Attorney Rendering Advice

10.1    Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client or from relying upon or generally referring to Protected Material in

19

rendering such advice, provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Protected Material if such disclosure is not otherwise permitted under this Order.

## XI.    Protected Material Subpoenaed or Ordered Produced in Other Litigation

11.1    If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any information or items designated in this Action as "Confidential" or "Highly Confidential," or "Outside Counsel Eyes Only," the Receiving Party must notify, to the extent permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Designating Party, in writing (by electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable after receipt unless production is required earlier, in which case the notice must be made in time for the Designating Party to take steps as set forth below.

11.2    The Receiving Party also must promptly inform the party that caused the discovery request, subpoena, order, or other form of legal process or request to issue that some or all of the material covered by the subpoena or order is the subject of this Order.

11.3    In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process or request to issue. To the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except

20

if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier.

11.4    In connection with any production of Confidential Material, Highly Confidential Material, or Outside Counsel Eyes Only Material subject to this Order, the Receiving Party shall request confidential treatment for the Confidential Material, Highly Confidential Material, or Outside Counsel Eyes Only Material.

11.5    The purpose of imposing these duties is, to the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, or otherwise permitted by law, to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Protected Material. Nothing in these provisions should be construed as authorizing, requiring, or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

11.6    In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body, or other person or entity, such Discovery Material shall continue to be treated in this Action in accordance with any designation as Protected Material.

21

## XII.   Non-Waiver of Applicable Privileges

12.1   This Protective Order is entered pursuant to and invokes the protections of Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) will not apply to the production of Discovery Material in this Action. To allow for expeditious productions of documents, a Producing Party may, at its sole option, produce such materials without detailed, or any, review to determine whether the production includes material protected by an applicable privilege or other immunity from discovery. Out of an abundance of caution, the Parties agree that the provisions of this Section 12 apply regardless of what steps the Producing Party undertakes to identify privileged documents.

12.2   In accordance with Federal Rule of Evidence 502(d), and any other applicable rules, the production or disclosure of Privileged Material shall not be deemed to waive—in this proceeding or any other federal or state proceeding—any applicable privilege or immunity from discovery that would otherwise attach to the disclosed materials or their subject matter. The Parties shall not argue, in this forum, or any other, that any privilege or protection was waived as a result of the manner of disclosure in this Action.

12.3   If a Party identifies Discovery Material that appears on its face to contain Privileged Material belonging to another Party or Non-Party, the identifying party is under a good faith obligation to promptly notify the Producing Party or Non-Party in writing of the existence of such Privileged Material. Such notification shall not waive the identifying Party's ability to contest any assertion of privilege or protection with respect to the identified material, except as otherwise provided herein. If the Party or Non-Party to whom the disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, the Party or Non-Party shall notify the identifying party of the assertion of such claim within 10 days of receiving the written notification.

22

12.4    Nothing in this Order limits or otherwise modifies an attorney's ethical obligation to refrain from examining or disclosing materials that the attorney knows, or should know, contain Privileged Material and to inform the disclosing Party that such Privileged Material was disclosed in this Action.

## XIII.   Clawback of Privileged Material

13.1    A Producing Party that determines at any time that it made a disclosure of Privileged Material in this Action shall promptly notify the Receiving Party following discovery of the production of Privileged Material, and the Receiving Party shall:

(a)    In the case of Privileged Material for which the Producing Party asserts a privilege and/or protection from disclosure, (i) immediately cease the review and disclosure of the Privileged Material, except to the extent necessary to determine and/or contest the privilege or protection; (ii) immediately return, sequester or destroy the disclosed document, as well as any copies thereof; and (iii) immediately destroy or sequester any references to the Privileged Material or its contents, to the extent such references exist in other materials prepared by the Receiving Party.

(b)    In the case of a Privileged Document or Protected Material that has been filed on a court docket or otherwise made public by the Receiving Party, immediately request the withdrawal and removal of any such Protected Material from where it was previously filed or submitted.

13.2    Upon the request of the Producing Party, provide to the Producing Party a certification of counsel that all of the Privileged Material subject to this Section has been returned, sequestered or destroyed subject to the terms of this Protective Order.

13.3    To the extent a Receiving Party intends to challenge the assertion of privilege with respect to any document sought to be clawed back under the terms of this Paragraph, it must

sequester the Privileged Material in question and not use such Privileged Material and/or its contents for any purpose, until such time as the Court determines whether the document in question is in fact privileged or otherwise protected from disclosure. For the avoidance of doubt, in no instance shall the Receiving Party be permitted to use the contents of a document clawed back.

13.4    If the Receiving Party has provided any Privileged Material to a Non-Party, the Receiving Party will use all reasonable efforts to secure the return or destruction of any Privileged Material and the destruction of any references to such material and/or its contents.

13.5    If the Receiving Party disputes the Producing Party's claim of privilege, the Receiving Party shall notify the Producing Party in writing of the dispute and the basis therefor within 14 days of receipt of notification that the Privileged Material was produced. The Producing Party and Receiving Party shall then meet and confer in good faith to try to resolve the dispute. If after meeting and conferring, the Parties are unable to resolve the dispute, either Party may, within 10 days of reaching an impasse, move the Court for a determination of whether the document(s) in question are in fact privileged. The document(s) in question may be submitted to the Court for an in-camera inspection.

13.6    A Party is not precluded by this Order from arguing that a privilege or protection that might otherwise apply has been waived for reasons other than the production of the document or information in question in this Action.

## XIV.    Duration of Order/Return of Protected Material

14.1    This Order shall survive the termination of this Action, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of this Action. All provisions of this Order restricting the use of Protected Material shall continue to be binding unless otherwise agreed or ordered by the Court. Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party or as required by local

data protection laws, within sixty (60) days after the final termination of this Action, including any appeals, each Receiving Party shall return to the Producing Party all Protected Material or, at the option of the Receiving Party, to destroy all Protected Material. In either case, the Receiving Party shall, upon request, provide the Designating Party with a certification stating that it has destroyed or returned the Protected Material, except for (i) such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule, or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule, or regulation, (ii) information saved on backup media in an electronically stored format, or (iii) information incorporated into any pleadings, motions, or work product. In that case, counsel of record shall continue to treat the Protected Material in accordance with this Order.

## XV.    Amendment of Order

15.1    Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown. Nor shall anything herein preclude any Party or Non-Party from seeking additional or different protections on a case-by-case basis under the standards set forth in Fed. R. Civ. P. 26(c).

## XVI.   Non-Parties

16.1    Third-Party Discovery: Any Party, in conducting discovery from Non-Parties in connection with this Action, shall provide any Non-Party from which it seeks discovery with a copy of this Order to inform each such Non-Party of his, her, or its rights herein. If a Non-Party provides discovery to any Party in connection with this Action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the Non-Party shall have the same rights and obligations under the Order as held by the Parties to this Action. Any Non-Party producing Discovery Material or giving deposition

25

testimony in this Action may avail herself, himself, or itself of the provisions of this Order available to "Parties" for her, his, or its testimony and Discovery Material by executing Exhibit A to this Order and informing the Party that served the subpoena of the same.

16.2    New Parties to This Action: In the event that additional persons or entities become parties to this Action, such parties shall not have access to Protected Material produced by or obtained from any disclosing Party until the newly joined parties or their counsel endorse a copy of Exhibit A and file it with the Court.

## XVII.  Jurisdiction

17.1    The Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

## XVIII. Violations of Protective Order

18.1    In the event that any person or party should violate the terms of this Order, the aggrieved Producing Party may apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Order. Relief may include, but is not limited to, attorneys' fees and other sanctions.  The Parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

## XIX.  Execution

19.1    This Order may be executed in counterparts. This Order shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties, subject to any subsequent modifications if and when so-ordered by the Court.

By:  /s/ *Laura Harris*
Olivier Antoine
Laura Harris
Joshua Hazan
Sean Murray
King & Spalding LLP
1290 Avenue of the Americas, 14th Fl.
New York, NY 10104
Tel: (212) 556-2100
Fax: (212) 556-2222
oantoine@kslaw.com
lharris@kslaw.com
jhazan@kslaw.com
smurray@kslaw.com

*Attorneys for Plaintiff DIRECTV, LLC*

By:  /s/ *Stephen J. Obermeier*
Stephen J. Obermeier
Frank Scaduto
Enbar Toledano
WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
Tel: (202) 719-7000
Fax: (202) 719-7049
sobermeier@wiley.law
fscaduto@wiley.law
etoledano@wiley.law

*Attorneys for Defendant Mission Broadcasting, Inc.*

By:  /s/ *Chris Schwegmann*
Chris Schwegmann
LYNN PINKER HURST &
SCHWEGMANN LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800
cjs@lynnllp.com

– and –

David W. Haller
COVINGTON & BURLING LLP
30 Hudson Yards
New York, New York 10001
(212) 841-1000
dhaller@cov.com

*Attorneys for Defendant Nexstar Media Group, Inc.*

27

By:      /s/ *Kan M. Nawaday*
Kan M. Nawaday
VENABLE LLP
151 West 42nd Street
New York, New York 10036
(212) 307-5500
kmnawaday@venable.com

– and –

Craig A. Gilley
Elizabeth C. Rinehart
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344-4000
cagilley@venable.com
ecrinehart@venable.com

*Attorneys for Defendant White
Knight Broadcasting, Inc.*

28

**SO ORDERED this** <u>17</u> **day of** <u>June</u>**, 2026.**

**Dated: New York, New York**

 

_____

**P. Kevin Castel**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| DIRECTV, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>NEXSTAR MEDIA GROUP, INC.;<br>MISSION BROADCASTING, INC.; and WHITE<br>KNIGHT BROADCASTING, INC.,<br><br>        Defendants. | Civil Action. 1:23-CV-02221-PKC |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

1.    I, _____, state that:

2.    I hereby acknowledge that I have read the Confidentiality Stipulation and Protective Order dated _____, 2026 in the above-captioned action and attached hereto, understand the terms thereof, and agree to be bound by its terms.

3.    I submit to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Confidentiality Stipulation and Protective Order.

4.    I understand that I am obligated to use materials designated as Confidential, Highly Confidential, or Outside Counsel Eyes Only in accordance with the terms of the Confidentiality Stipulation and Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential, Highly Confidential, or Outside Counsel Eyes Only Materials to any other person, firm or concern.

5.    I further understand that to the extent that I retain any Protected Material prior to the termination of my participation in this Action, I must do so in a secure manner in accordance

1

with this Order. I will return all Protected Material to the Party or attorney from whom I received it at termination of my involvement in this Action or the termination of the Action, whichever is sooner.

6. I am not currently, and am not anticipated to become, an employee of a Party or a Party's competitor, and I do not currently, and am not anticipated to, provide commercial advice on or participate in the negotiation of retransmission consent agreements for any entity that engages in such negotiations.

The undersigned acknowledges that violation of the Confidentiality Stipulation and Protective Order may result in penalties for contempt of court.

Name (print): _____

Signature: _____

Date: _____

2