UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DIRECTV, LLC,<br>Plaintiff,<br>- against -<br><br>NEXSTAR MEDIA GROUP, INC., MISSION BROADCASTING, INC., and WHITE KNIGHT BROADCASTING, INC.,<br><br>Defendants. | : | 23-CV-2221 (PKC) (RWL)<br><br>**ORDER** |

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves Defendants' letter motion at Dkt. 143 requesting a six-month extension of the November 6, 2026 deadline for completing document discovery, interrogatories and third-party document subpoenas. That deadline was established over five months ago by the Court's scheduling order dated March 27, 2026 at Dkt. 99. Defendants assert that a six-month extension is warranted at this time because (i) document discovery has been less than expeditious, and (ii) on September 1, 2026, DIRECTV identified a category of damages in amended disclosures that, according to Defendants, is a new "overcharge" theory of damages that will result in expanded discovery and motion practice.

The Court denies Defendants' request as premature. With respect to document discovery to date, both parties accuse the other of dragging their heels. It is not evident to the Court, however, that even with those purported delays the document discovery already contemplated cannot be completed by November 6, 2026. Defendants recognize the speculative nature of their concern, asserting merely that written discovery is "unlikely" to be completed on the existing schedule. (Dkt. 143 at 3.) And, Defendants

have not identified any sound reason why they should not be able to meet the existing deadline with respect to producing their own documents.

As for DIRECTV's amended disclosures, DIRECTV contends that the "overcharge" damages theory is not new and that Defendants have been aware of claims about supra-competitive pricing and fees for months. (Dkt. 146 at 2.) The Court does not have sufficient information before it to determine whether the theory is new and unexpected (although DIRECTV cites various filings and communications suggesting it is not). Regardless, Defendants have not shown that even if the theory is genuinely new, discovery will be materially expanded beyond what has been on the table for the last many months. The parties address the issue in only the most general terms.

Accordingly, Defendants have not demonstrated good cause for extending the document discovery deadline, and their application is denied without prejudice to a future application after the parties assess and then meet and confer about the extent to which the scope of discovery to date has encompassed documents relevant to the "overcharge" theory and what, if any, additional document discovery would be required if requests and responses to date do not encompass relevant additional discovery.

The Clerk of Court is respectfully directed to terminate the letter motion at Dkts. 143 and 146.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: September 14, 2026
New York, New York

Copies transmitted this date to all counsel of record.